# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOLAN CASTILLO MANGUIN and
CARMEN POLISTICO MANGUIN,

    Plaintiffs

v.

JOHN M. BECKER, et al.,

    Defendants

Case No.: 2:22-cv-01711-APG-EJY

**Order**

[ECF Nos. 7, 22, 23]

    Plaintiffs Jolan Manguin and Carmen Manguin sue HSBC Bank USA National Association as Trustee for Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, MANA Series 2007-A2 (HSBC); Western Progressive-Nevada Inc. (Western); Ocwen Loan Servicing LLC (Ocwen); and PHH Mortgage Corporation (PHH).[1] The complaint is unclear, but it appears to allege that the defendants claim an interest in the Manguins' property located at 9145 Falling Acorn Court in Las Vegas through a deed of trust that was assigned to HSBC. The Manguins contend that the assignments of the deed of trust are invalid, their bankruptcy in 2022 discharged the debt, and the defendants violated several criminal laws. They request cancellation of the deed of trust plus monetary damages.

    HSBC, Ocwen, PHH, and Western move to dismiss, arguing that the Manguins are barred from pursuing this case by both issue and claim preclusion based on a prior state court lawsuit the Manguins filed regarding this same property. Alternatively, they argue that the Manguins lack standing to challenge the validity of the assignments of the deed of trust. The

---

[1] The Manguins also sued John Becker and Eddie Jeminez, but I dismissed them because the Manguins did not properly serve them. ECF No. 31.

moving defendants also argue that the bankruptcy discharge did not extinguish the deed of trust, as shown by the fact that during the bankruptcy proceedings, the bankruptcy court lifted the automatic stay and allowed HSBC to foreclose. Finally, the moving defendants argue that the criminal statutes do not provide for civil liability and the Manguins lack standing to pursue criminal charges.

The Manguins respond that the real estate mortgage investment conduit (REMIC) that HSBC purports to act as trustee for in this action does not exist, and that MERS could not have assigned the deed of trust because it ceased to exist in 1999. The Manguins do not respond to the portions of the motion to dismiss addressing preclusion, bankruptcy, or the criminal charges.

**I. MOTION TO DISMISS (ECF No. 7)**

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

    **A. Bankruptcy and Criminal Charges**

The Manguins did not respond to the defendants' arguments regarding allegations related to their bankruptcy or the criminal charges. I therefore grant this portion of the motion as unopposed. LR 7-2(d).

/ / / /

**B.  Preclusion**

Although the Manguins also did not oppose this portion of the defendants' motion, the defendants bear the burden of establishing preclusion, and they have not done so. *See Bower v. Harrah's Laughlin, Inc.*, 215 P.3d 709, 718 (Nev. 2009) (en banc).  Both claim and issue preclusion require the defendants to show a final judgment was entered in the prior litigation. *Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc.*, 321 P.3d 912, 915-16 (Nev. 2014).  By the defendants' own evidence, no final judgment was entered.  In the prior state court action, the Supreme Court of Nevada dismissed the Manguins' appeal for lack of jurisdiction because there was no final judgment entered in the trial court. ECF No. 7-15.  The defendants present no evidence that a final judgment was entered on remand.  A review of the state court docket shows that the case was "statistically close[d]," and no final judgment has ever been entered.[2]  I therefore deny this portion of the defendants' motion.

**C.  Standing**

Under Nevada law, someone "who is neither a party nor an intended third-party beneficiary" of an assignment lacks standing to challenge a voidable assignment's validity. *Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014) (per curiam).  However, a person has standing to challenge a void, as opposed to voidable, assignment. *See id.* at 861 & n.4 (distinguishing between void and voidable assignments and holding that a borrower lacks standing to challenge a voidable assignment); *Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845, 859 (Cal. 2016)

---

[2] I may take judicial notice of the state court docket without converting the motion to dismiss into one for summary judgment. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); Fed. R. Evid. 201(c)(1), (d) (stating that I may take judicial notice on my own at "any stage of the proceeding").

3

(holding that borrowers have standing to challenge assignments as void, but not as voidable, and gathering cases with similar holdings).

The Manguins allege (and I therefore must take as true at this stage) that MERS "ceased to exist in 1999" and that the REMIC that HSBC purports to act as trustee for does not exist. ECF No. 1 at 1-2. The defendants have not addressed whether, if these allegations are true, any assignments of the deed of trust from MERS or to HSBC are void, rather than voidable. I therefore deny the motion to dismiss on this basis.

## II.  OTHER PENDING MOTIONS (ECF Nos. 22, 23)

After briefing on the motion to dismiss was completed, the Manguins filed "objections" to the defendants' reply brief. ECF No. 21. The defendants move to strike this unauthorized surreply. ECF No. 22. I grant that motion because the Manguins did not request leave to file a surreply and I did not authorize it. LR 7-2(b) ("Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged.").

The Manguins move for summary judgment. ECF No. 23. I deny that motion because the Manguins provide no evidence to support their claims for which they bear the burden of proof.

## III.  SIGNING DOCUMENTS IN THIS COURT

I previously advised the plaintiffs that Jolan Manguin cannot represent Carmen Manguin, and they both must sign a document filed in this court for it to apply to both. ECF No. 18 at 1 (citing *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (stating that a pro se litigant "has no authority to appear as an attorney for others than himself"). I note that only Jolan signed the response to the motion to dismiss, the summary judgment motion, and the reply to the summary judgment motion. ECF Nos. 19 at 6; 23 at 4; 30 at 3. This is the plaintiffs'

final warning on this issue. If Carmen Manguin does not also sign the plaintiffs' filings in the future, those filings will not be considered as applying to her.

### III. CONCLUSION

I THEREFORE ORDER that the defendants' motion to dismiss **(ECF No. 7) is GRANTED in part and DENIED in part**. The motion is granted as to the plaintiffs' claims related to their bankruptcy or criminal charges. The motion is denied as to the plaintiffs' allegations regarding the validity of transfers of the deed of trust.

I FURTHER ORDER that the defendants' motion to strike **(ECF No. 22) is GRANTED**. The clerk of court is instructed to strike ECF No. 21.

I FURTHER ORDER that the plaintiffs' motion for summary judgment **(ECF No. 23) is DENIED**.

DATED this 3rd day of May, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE