UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOLAN CASTILLO MANGUIN and CARMEN POLISTICO MANGUIN,<br><br>Plaintiffs<br><br>v.<br><br>JOHN M. BECKER, et al.,<br><br>Defendants | Case No.: 2:22-cv-01711-APG-EJY<br><br>**AMENDED**<br>**Order (1) Dismissing Carmen Polistico Manguin, (2) Denying Jolan Castillo Manguin's Motion to Extend Time, and (3) Granting Defendants' Motion for Summary Judgment**<br><br>[ECF Nos. 53, 59] |

This suit was filed in the names of plaintiffs Jolan Manguin (Jolan) and Carmen Manguin (Carmen) against HSBC Bank USA National Association as Trustee for Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, MANA Series 2007-A2 (HSBC); Western Progressive-Nevada Inc.; Ocwen Loan Servicing LLC; and PHH Mortgage Corporation.[1] The complaint is unclear but appears to allege that the defendants claim an interest in the Manguins' property located at 9145 Falling Acorn Court in Las Vegas through a deed of trust that was assigned to HSBC. The complaint alleges that the assignments of the deed of trust are invalid, the Manguins' bankruptcy in 2022 discharged the debt, and the defendants violated several criminal laws. They request cancellation of the deed of trust plus monetary damages.

The defendants previously moved to dismiss. ECF No. 7. I granted that motion in part and dismissed all allegations related to the Manguins' bankruptcy and claims based on criminal charges. ECF No. 32 at 2. I allowed the complaint's other allegations to proceed on the theory that the transfers from non-party Mortgage Electronic Registration Systems, Inc. (MERS) and to

---

[1] The Manguins also sued John Becker and Eddie Jeminez, but I dismissed them because the Manguins did not properly serve them. ECF No. 31.

HSBC were void (as opposed to voidable) because, at that stage of the proceedings, I had to take as true the complaint's allegations that MERS "ceased to exist in 1999" and that the real estate mortgage investment conduit (REMIC) that HSBC purports to act as trustee for does not exist. *Id.* at 4. The plaintiffs did not amend. Accordingly, those are the only remaining allegations in this case.

The defendants move for summary judgment, arguing that MERS did not cease to exist in 1999 and still exists today. They also contend that the REMIC that HSBC is the trustee for does exist, and, in any event, the plaintiffs lack standing to pursue damages for alleged violations of federal securities laws. The plaintiffs did not timely respond, so the defendants filed a notice of non-opposition. Jolan filed an untimely response, and the defendants filed a reply. Jolan thereafter requested an extension of time to oppose the summary judgment motion. The defendants opposed the request for more time. Jolan then filed an "objection" to the defendants' summary judgment reply brief.

The parties are familiar with the facts so I repeat them here only as necessary to resolve the motions. I dismiss Carmen as a plaintiff from the inception of this case because she has not signed a single document and Jolan cannot represent her in this matter. I deny the motion to extend time because it is unsupported and effectively seeks leave to file a late sur-reply without showing good cause for the untimely filing. I grant the defendants' motion for summary judgment because Jolan fails to present evidence raising a genuine dispute that MERS ceased to exist in 1999 or that the REMIC that HSBC is the trustee for does not exist.

**I. CARMEN MANGUIN**

I have previously advised the plaintiffs that Jolan cannot represent Carmen, and they both must sign a document filed in this court for it to apply to both. ECF Nos. 18 at 1; 32 at 4-5

(stating this was "the plaintiffs' final warning on this issue"). Because Carmen has not signed a single filing in this case, and because Jolan cannot represent her, she is not and never has been a plaintiff in this case. I therefore dismiss her as a plaintiff *nunc pro tunc* to the inception of the case. *See Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S. Ct. 696, 700-01 (2020) ("Federal courts may issue *nunc pro tunc* orders, or now for then orders, . . . to reflect the reality of what has already occurred." (quotations and citations omitted)).

## II. MOTION TO EXTEND TIME

Jolan filed an untimely response to the defendants' summary judgment motion. ECF No. 57. Over 20 days after the defendants filed their reply brief, Jolan moved to extend time "to provide documentations to rebut any of the arguments" the defendants made in their summary judgment motion. ECF No. 59. Jolan did not provide any reason for the extension of time other than that he is a "lay-person." *Id.* at 1. Nor did he explain why he needed more time to file another response when he had already filed a late response to the summary judgment motion.

The defendants oppose, arguing that Jolan has not shown excusable neglect or good cause for the extension of time. They also argue that he seeks to supplement his opposition without court approval and does not identify what he intends to provide or why he could not have provided those documents in a timely manner. The defendants argue that Jolan is effectively attempting to file an unauthorized and untimely sur-reply. After the defendants filed their opposition, Jolan filed a document entitled "Objection to Defendants Reply in Support of Motion for Summary Judgment." ECF No. 61.

Under Local Rule 7-2(b), "[s]urreplies are not permitted without leave of court" and "motions for leave to file a surreply are discouraged." Additionally, under Local Rule 7-2(g), a party "may not file supplemental pleadings, briefs, authorities, or evidence without leave of court

granted for good cause." I "may strike supplemental filings made without leave of court." *Id.* Under Federal Rule of Civil Procedure 6(b), I may grant a motion to extend time "made after the time has expired if the party failed to act because of excusable neglect."

Jolan Manguin's original response to the motion for summary judgment was already untimely, with no explanation as to why he missed the filing deadline. His unsupported request for an extension of time to file what is either an untimely second response or a sur-reply gives no reason, much less excusable neglect or good cause, for why he could not timely respond to the summary judgment motion or why he needs to file an additional brief. His status as a pro se litigant does not alone grant him leave to miss deadlines with no explanation or to file unauthorized sur-replies. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (stating that a non-prisoner pro se litigant "must comply strictly with the summary judgment rules"); *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986) (stating that a pro se litigant "is expected to abide by the rules of the court in which he litigates"). I therefore deny Jolan's motion for an extension of time and I strike his unauthorized sur-reply.

## III. THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A

"moving party without the ultimate burden of persuasion at trial . . . may carry its initial burden of production by either . . . produc[ing] evidence negating an essential element of the nonmoving party's case," or by "show[ing] that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

### A. Timeliness of Jolan's Response

Jolan filed his response more than two weeks after it was due and only after the defendants filed a notice of non-opposition. *See* ECF Nos. 53; 55; 56; 57. In their reply, the defendants argue that I should not consider Jolan's untimely response because he did not show excusable neglect for the late filing.

Under Local Rule IA 6-1, a request to extend time "made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect." Jolan did not move to extend time and offered no explanation for his late-filed opposition. He therefore has not shown excusable neglect for his untimely filing. He also raises for the first time in his opposition numerous theories that were not alleged in the complaint, which he cannot do at summary judgment. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000). I

therefore decline to consider the opposition, except to the extent that it addresses MERS and the REMIC's alleged lack of existence, because the defendants are not prejudiced by having to respond to the same arguments and evidence as alleged in and attached to the complaint.

**B. Merits**

Because Jolan bears the burden of proof on his claims, the defendants meet their initial burden on summary judgment by pointing out that Jolan will not be able to show that MERS has not existed since 1999 or that the REMIC does not exist. The defendants have presented evidence that MERS existed beyond 1999. *See, e.g.*, ECF Nos. 53-1 at 3 (identifying MERS as the beneficiary in the 2007 deed of trust); 53-4 (MERS assigning the deed of trust in 2012); 53-13 and 53-14 (MERS filing a statement of claim and answer in a Florida case in 2023).[2] They also provide documents from the SEC's website that refer to Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, MANA Series 2007-A2, showing that it exists and is included in records on the SEC's website. ECF Nos. 53-16 at 20; 53-17 at 14.

Even if I consider Jolan's untimely opposition (ECF No. 57), he presents no evidence or argument to create or support a genuine dispute about whether MERS ceased to exist in 1999. Because no genuine dispute remains that MERS existed at the time of the challenged assignments, its assignments were at most voidable, not void, and Jolan lacks standing to challenge voidable assignments of the deed of trust. *See Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014) (holding that a homeowner lacks standing to challenge the validity of a voidable assignment of a loan).

---

[2] *See, e.g.*, *Perez v. Mortg. Elec. Registration Sys., Inc.*, 959 F.3d 334, 336 n.1 (9th Cir. 2020) (one among hundreds of cases in which MERS was a party or witness well beyond 1999).

As for the REMIC's existence, Jolan points to a Freedom of Information Act (FOIA) request he sent to the Securities and Exchange Commission (SEC) requesting "verification that the 'Merrill Lynch Mortgage Investors, INC., Mortgage Pass-Through Certificates, MANA Series 2007-A2', is actively registered within the Official Records of the United States Securities and Exchange Commission." ECF No. 57 at 6. The SEC responded by stating that "[b]ased on the information you provided in your letter, we conducted a thorough search of the SEC's various systems of records, but did not locate or identify any information responsive to your request." *Id.* at 7.

The defendants argue the discrepancy between the SEC's response to the FOIA request and the fact that records exist on the SEC's website identifying the REMIC is likely explained by the fact that Jolan's FOIA request did not reasonably describe the records he sought and instead asked the agency a question. *See Ctr. for Investigative Reporting v. United States Dep't of Just.*, 14 F.4th 916, 937 (9th Cir. 2021) ("Although FOIA requires federal agencies to make 'reasonable efforts to search for' the records requested, 5 U.S.C. § 552(a)(3)(C), it does not require agencies to create new records."); *Yagman v. Pompeo*, 868 F.3d 1075, 1080-81 (9th Cir. 2017) (stating that although record requests must be liberally construed, the request must still reasonably describe the sought-after records).

Jolan does not respond to this argument, and he presents no evidence that he followed up with the SEC, either during the time he sent the FOIA request[3] or during discovery in this case, to determine how the SEC interpreted his FOIA request, what searches it conducted, or why, despite its response to him, it has records on its website identifying the REMIC. This

---

[3] In its response to Jolan's FOIA request, the SEC advised Jolan that he could provide it additional information to assist it with another search, or he could appeal the agency's decision that it had no responsive records. ECF No. 57 at 7.

unexplained FOIA response does not raise a genuine dispute about whether the REMIC exists. I therefore grant summary judgment in the defendants' favor.

## IV. CONCLUSION

I THEREFORE ORDER the clerk of court to terminate Carmen Polistico Manguin as a plaintiff in this action as of the date the complaint was filed on October 11, 2022.

I FURTHER ORDER that plaintiff Jolan Castillo Manguin's motion for extension of time **(ECF No. 59) is DENIED**. The clerk of court is instructed to strike ECF No. 61.

I FURTHER ORDER that the defendants' motion for summary judgment **(ECF No. 53) is GRANTED**. The clerk of court is instructed to enter judgment in favor of defendants HSBC Bank USA National Association as Trustee for Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, MANA Series 2007-A2 (HSBC); Western Progressive-Nevada Inc.; Ocwen Loan Servicing LLC; and PHH Mortgage Corporation and against plaintiff Jolan Manguin.

I FURTHER ORDER the clerk of court to close this case.

DATED this 13th day of March, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE